FJACQ04302007104000A

# MULTIPURPOSE NOTE AND SECURITY AGREEMENT

Borrower: "I", "Me" and "My" Means Each Borrower Below Jointly and Severally | Lender: "You" and "Your" Means The Lender, its Successors and Assigns

| | |
|---|---|
| Officer No. | WLH |
| Customer No. | |
| Loan No. | 0427005254 |
| Renewal of | 0427005254 |
| Loan Date | May 01, 2007 |
| Maturity Date | May 01, 2008 |
| Loan Amount | $2,020,039.00 |

ANIKA AND ASSOCIATES, INC AND MURRAY D WIKOL
3890 Oakland Drive
Bloomfield Hills, MI 48301

OMNIBANK
P.O. BOX 22624
JACKSON, MS 39225
(601)-355-1000

NOTE: For value received, I promise to pay to you, or any other holder, at the address above, the principal sum of:
Two Million Twenty Thousand Thirty Nine and 00/100 _____ Dollars ($ 2,020,039.00 )
together with interest at the rate of interest as provided below.

☐ Single Advance: I will receive all of this principal sum at one time. No additional advances will be made under this Note.
☒ Multiple Advance: The principal sum shown above is the maximum amount of principal I can borrow under this Note. Future principal advances are contemplated.
  ☒ Conditions: The conditions for future advances are
  _____ CUSTOMER'S REQUEST AND OFFICER'S APPROVAL _____
  ☐ Open-End Credit: You and I agree that I may borrow up to the maximum amount of principal more than one time. This option is subject to all other conditions and expires no later than _____
  ☒ Closed-End Credit: You and I agree that I may borrow up to the maximum amount of principal only one time (and subject to all other conditions).

INTEREST: Interest will accrue on a _Actual/360 Day_ basis. I agree to pay interest on the principal balance owing from time to time as stated below. Each advance made to me under the terms of this Note will earn interest only from the date that I receive the advance. As provided for in this Note, the interest rate will apply to the outstanding principal balance that I owe. The amount of interest charged by you will not exceed the maximum rate of interest allowed by law.

☒ Fixed Rate: I agree to pay interest at the simple rate of _8.250_ % per year, from _05/01/2007_ until paid in full.
☐ Variable Rate: I agree to pay interest from _____ at the initial simple rate of _____ % per year. This rate may change as stated below.

PAYMENTS: I agree to pay this Note as follows:
THIS NOTE IS DUE ON DEMAND, IF NO DEMAND THEN:
This note is payable in 1 payments of all accrued interest semi-annually beginning November 01, 2007, plus a final payment consisting of the full amount of principal, all accrued interest, charges and fees remaining due and payable on May 01, 2008. e means estimated

POST MATURITY INTEREST: Interest will accrue after maturity on the unpaid principal balance of this Note on the same basis as interest accrues prior to maturity, unless a specific post-maturity interest rate is agreed to in the next sentence.

☐ If checked, interest will accrue at the rate of _____ % per year on the unpaid principal balance of this note not paid at maturity, including maturity by acceleration. Borrower and Lender agree that any charges for failure to repay principal at maturity are not a penalty or interest, but are intended to compensate the Lender for expenses arising from such delinquency or default.

☒ LATE CHARGE: IF MY PAYMENT IS MORE THAN 15 DAYS LATE, I WILL PAY A LATE CHARGE EQUAL TO 4.000 % OF THE PAYMENT AMOUNT OR $5.00 WHICHEVER IS GREATER UP TO $50.00.

☒ ADDITIONAL CHARGES:
In addition to accrued interest, I agree to pay the following charges: _____
as listed on the disbursement statement _____;
and these charges ☒ are ☐ are not included in the Loan Amount.

ADDITIONAL TERMS:
Upon request, Borrower(s) and Guarantor(s) agree to provide the Bank any financial statement, federal income tax returns, and such other statements of income and assets in a form acceptable to Bank.

Any additional terms as listed on the disbursement statement.

SECURITY: I give you a security interest in the following property (the "Collateral"):
DEED OF TRUST COVERING COMMERCIAL BUILDING LOCATED AT 3330 WOODROW WILSON DRIVE, JACKSON, HINDS COUNTY, MISSISSIPPI.

☒ If checked, this Note is secured by a separate:
DEED OF TRUST DATED 05/09/05

☒ ALL DEBTS - THE COLLATERAL WILL ALSO SERVE AS SECURITY FOR ALL OF MY PRESENT AND FUTURE DEBTS TO YOU.

THE PURPOSE OF THE LOAN IS: Renewal of Construction Line of Credit and Conversion of Property into Office and Distribution Facility

EXHIBIT
A

## ADDITIONAL TERMS OF THE NOTE AND SECURITY AGREEMENT

I ALSO AGREE TO THE FOLLOWING TERMS:

**1. DEFINITION:** "Loan" means this Note, Security Agreement, and Truth in Lending Disclosure, regardless of whether provided as an integrated document or separate documents; and any document referred to in the Note, Security Agreement, or Truth in Lending Disclosure is hereby incorporated by reference and made a part of the Loan. It also means any extensions, renewals, modifications, or substitutions of this Loan.

**2. PAYMENT:** Unless specifically stated otherwise in the payment of the Note, each payment I make will be applied first to any charges, costs, fees, or expenses I owe other than principal and interest, then to interest that is due, and finally to unpaid principal.

**3. MY OBLIGATION:** I understand and agree that my obligation to pay this Loan is separate and independent of any other person's obligation to pay it. I will still be obligated to pay this Loan even if you release any other person who has agreed to pay, extend new credit or renew or modify this Loan, or relinquish any right(s) you may have against me or any other person obligated to pay this Loan.

**4. MATURITY:** For purposes of this note the term "maturity" shall mean the following:
- If the Note is a "demand" note, the date you make your demand;
- If the Note is a "demand" note, with a stated alternate maturity date, the date of your demand or the alternative maturity date;
- In all other cases, the date set for the last regularly scheduled payment of principal or the date that you accelerate payment of the Note, whichever date is earlier.

**5. SET-OFF:** You have the right to set-off my deposit accounts and any other rights that I may have to receive the payment of money from you. You may exercise your right of set-off without notice to me and without regard to the type or value of collateral or the existence of any guaranty or other agreement to pay this Note.

You will not be responsible for the dishonor of any check when that dishonor occurs as a result of your exercise of the right of set-off against my account.

**6. PURCHASE MONEY SECURITY INTEREST:** With respect to purchase money security interest arising under this security agreement:
- Payments made on non-purchase money loans secured by this agreement will not be deemed applicable to any purchase money loans, and
- Payments made on any purchase money loan will be applied first to any non-purchase money portion of said loan, with the remaining balance to be applied to the purchase money obligations in the order in which the items of Collateral were acquired. A purchase money loan means a loan used in whole or in part to acquire the Collateral which secures the loan and any extension, renewal, consolidation of refinancings of such loans.

**7. ADDITIONAL SECURITY AND INDEBTEDNESS:** In addition to the Collateral described on the face hereof, this Loan is secured by any additions, repairs, replacements, accessions, products or proceeds, including proceeds of any insurance payable as a result of loss or damage to the Collateral, and any similar acquired Collateral of the type specified. However, the security interest shall not attach to household goods not purchased with the proceeds of this Loan or to other after-acquired consumer goods, with the exception of accessions, unless such after-acquired consumer goods are acquired within ten (10) days after you make this Loan. Each present or future agreement securing debt I owe you will also secure the payment of this Loan, unless: (1) the property securing other debt is my principal dwelling and you fail to provide me and all other persons with ownership interest in the dwelling with a required notice of the right to rescind; or (2) the property securing other debt is in household goods.

**8. WARRANTY OF TITLE:** I warrant to you that I own the Collateral free and clear of liens or security interests, other than the security interest created hereunder and I will defend the Collateral against any asserted claims or demands by other parties.

**9. COLLATERAL INSURANCE:** I agree at all times to keep the Collateral insured against all insurable hazards in amounts equal to the full cash value of the Collateral. Such insurance shall be in such companies as may be acceptable to you, with provisions satisfactory to you for payment of all losses thereunder to you as your interest may appear, and, if required by you, I will deposit the policies with you. Any money received by you under said policies may be applied to the payment of any indebtedness secured hereby, whether or not due and payable, or at your option may be delivered by you to me for the purpose of repairing or restoring the Collateral. I hereby assign to you all right to receive proceeds of insurance not exceeding the amounts secured by my Loan, direct any insurer to pay all proceeds directly to you, and appoint you as my attorney-in-fact to endorse any draft or check made payable to me in order to collect the benefit of any such insurance.

If I fail to keep the Collateral insured as required by you, or if I fail to furnish to you evidence of such insurance, I will be in default, and you may, at your option and discretion, and in addition to your other remedies at law, in equity or by contract, purchase such insurance. Provided, however, you are not obligated to pay any insurance premiums or carry any form of insurance on the Collateral. If you purchase such insurance, I agree to reimburse you for the premium, plus accrued interest. My obligation to so reimburse you for the purchase of such insurance shall be secured by the Collateral, and shall bear interest at the simple interest rate set forth in my Loan documents or in effect at the time you purchase the insurance. At your option, I agree to either reimburse you on demand for the premium paid by you to purchase such insurance, to pay said sums in any manner of installments required by you in connection with the remaining payments outstanding pursuant to this Loan, to pay as a balloon payment at the maturity of my Loan or to allow you to extend the maturity of my Loan in order to provide for my reimbursement of you for the payment of the premium for such insurance. However, your action to reschedule my payments to provide for reimbursement of the premium you paid for such insurance shall not create a new obligation or satisfy or replace my original obligation, but shall be simply a continuation of my original obligation.

I understand the insurance that you purchase WILL NOT provide any form of liability insurance for my benefit or anyone claiming through me. You may obtain this insurance through one or more companies, other than the insurance company used by me and such insurance will generally be more expensive than the insurance coverage I could voluntarily obtain from another insurance company.

If I obtain the required insurance on the Collateral after you have purchased insurance hereunder, and I furnish to you satisfactory evidence that such insurance has been purchased, I will be entitled to a refund of the unused portion of the premium for the insurance you purchased, calculated from the effective date of the required insurance that I purchase on the Collateral.

I authorize you to forward any information that you deem necessary to third parties performing services incidental to your rights and duties under this Loan, including but not limited to insurance monitoring and placement services.

**10. PRESERVATION OF COLLATERAL:** I will preserve and maintain the Collateral and keep the Collateral in good condition and repair and will allow you to inspect the Collateral at any time. If I fail to pay any charges that I am obligated to pay to preserve or protect the Collateral, I authorize you to make these payments on my behalf and add these payments to the unpaid principal balance of this note. These payments will then be secured by the Collateral.

**11. TAXES:** I will pay all taxes and other encumbrances on the Collateral promptly, and I will otherwise maintain the Collateral free and clear of any liens, encumbrances or other security interests.

**12. SALE OF COLLATERAL (AND ASSUMPTION):** I will not sell, convey, lease or otherwise transfer the Collateral or any part of it without first obtaining written consent from you. Unless you otherwise agree in writing, this Loan cannot be assumed by any person. If I attempt to transfer any interest in the Collateral, including possession, I will be in default of this Loan.

**13. DEFAULT:** I will be in default of this Loan if any of the following events occur:
- I fail to make a required payment when due;
- I breach any promise I have made to you under the terms of this Note, the Security Agreement (if applicable) or any other loan or agreement with you;
- Any representation, warranty, promise or statement that I have made to you proves to be (or at the time it was made or given was) materially false or incorrect;
- I die, become insolvent, or initiate bankruptcy or similar proceedings, or an order for relief is entered against me;
- Any of my Collateral is attached or otherwise taken by another creditor, including any garnishment of my accounts with you;
- I fail to maintain insurance covering the Collateral;
- The maturity of any indebtedness I owe to others is accelerated as a result of the occurrence of a default under this or any other agreement;
- You at any time believe that the prospect for repayment for any portion of the indebtedness secured hereby is significantly impaired.

**14. LENDER'S REMEDIES:** Upon default, you may at your option, do one or more of the following:
- You may, without notice, accelerate the maturity date of this Note and require that all unpaid charges, interest and principal balances be immediately due and payable;
- You may exercise your right of set-off against any right I have to receive payment of money from you;
- You may exercise any rights or remedies you have under any other agreement which secures this Note;
- You may demand additional security or obligors to insure repayment of this Note.

**15. REMEDIES UNDER THE SECURITY AGREEMENT:** If I default, you may exercise all of the rights and remedies available to a secured creditor under the Uniform Commercial Code or other applicable federal or state law. I will be obligated to make the property available to you at a reasonably convenient place and time. I agree that you are then authorized to take possession of the Collateral and sell it as provided under the terms of the Uniform Commercial Code or other applicable federal or state law. I agree that written notice sent to my address on the face of the note by first class mail ten (10) days in advance of any such sale will be reasonable notice.

**16. WAIVER:** To the extent permitted by law, I waive presentment, demand for payment, protest and notice of dishonor. No waiver of a default shall be deemed a waiver of any other or later default. If under the terms of this Loan, a security interest would be created in a principal dwelling used by me or any other person as a home, you waive the security interest so created unless you have given an appropriate opportunity to rescind and the owner of the property has not exercised that right.

**17. PURCHASE MONEY LOAN:** If this is a purchase money loan, you may include the name of the seller on the check or draft for this Loan.

**18. FINANCING STATEMENT:** I authorize you to file a financing statement describing the secured property and any other liens held by you. I represent and warrant that my exact legal name and address of legal residence is set forth on the first page of this Loan.

**19. SECURED BY REAL ESTATE OR RESIDENCE:** If this Loan is secured by real estate or a residence that is personal property, a default and your remedies for default may be determined by the terms of any separate document creating the security interest, applicable federal or state law, and, to the extent permitted by law and not contrary to the terms of the separate security document, by this Loan.

**20. ATTORNEY'S FEES AND COLLECTION COSTS:** In the event of default, I agree to pay all reasonable costs you incur to collect on this Loan, including attorney's fees, court costs, and other legal expenses.

**21. GOVERNING LAW:** This Loan shall be governed by the laws of the State of **Mississippi** and the United States of America.

**Notice of Furnishing Negative Credit Information**

We may report information about your Loan to credit bureaus. Late payments, missed payments, or other defaults on your Loan may be reflected in your credit report.

**Third Party Agreement**

I own the Collateral described in the Security section of this Note and Security Agreement and I agree to give you a security interest in that Collateral. I am not personally liable for payment of this debt. If the Borrower defaults, my interest in the Collateral may be used to satisfy the Borrower's debt. By signing, I agree to the terms of this Note and Security Agreement and acknowledge receipt of a complete copy of this Loan.

_____(Seal)        _____(Seal)
                Date                                         Date

_____(Seal)        _____(Seal)
                Date                                         Date

**CO-SIGNERS:** As a co-signer I agree that I must pay this Note if it is not otherwise paid by Borrower when due. I understand that you may sue any co-signer separately or jointly, and you do not have to notify me if this Note is not paid in a timely manner. The obligations of the co-signers executing this Loan shall not be affected by any discharge in bankruptcy granted to one or more Borrowers or co-signers of this Loan.

**Notice to Co-Signer**

You (the Co-Signer) are being asked to guaranty this debt. Think carefully before you do. If the Borrower does not pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the Borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The Bank can collect this debt from you without first trying to collect from the Borrower. The Bank can use the same collection methods against you that can be used against the Borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This Notice is not the contract that makes you liable for the debt.

X _____        X _____
   Co-Signer Signature or Initials              Co-Signer Signature or Initials

**FTC NOTICE**

IF APPLICABLE, ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**Signatures**

By signing under seal, I agree to the terms of this Loan and also acknowledge receipt of a copy of this Loan Agreement.

ANIKA AND ASSOCIATES, INC
BY: _____[signature]_____        05/01/07
BORROWER: MURRAY D WIKOL, President              Date

_____[signature]_____            05/01/07
BORROWER: MURRAY D WIKOL                         Date

_____           _____
                                                 Date

_____           _____
                                                 Date

_____           _____
                                                 Date

_____           _____
                                                 Date

Rev. (1/31/06)                Page 3 of 4